By the Court,

Cowen, J.
This was an action of ejectment for dower set off to the plaintiff by the surrogate of Westchester. There can be no doubt that the plaintiff is entitled to a new trial, if seisin of her husband was proved, or if there was such evidence of seisin as should have been submitted to the jury.
The proof was, that the husband was in' possession claiming title during coverture; but this was twenty years before the trial. The defendant’s possession commenced subsequent to that of the husband. The jury were charged that the proof was not sufficient to warrant a verdict for the plaintiff, without evidence that the defendant claimed under the husband; and the judge refused to submit the question to the jury whether the latter was seised or not.
We think the learned judge erred. Possession of land with claim of title is, prima facie, sufficient evidence of seisin in fee, even to sustain the demandant’s claim in a writ of right. (Doe, ex dem. Graham, v. Penfold, (8 Carr. *342 & Payne. 536, with the cases cited in Cowen Hill’s Notes to 1 Phil. Ev. 354.) Some cases do not even require a claim; but hold a naked unexplained possession to be, prima facie, sufficient. In Jackson v. Waltermire, (5 Cowen, 301,) which was dower unde nihil habet, Savage, Oh. J. said, he thought “ the same evidence of seisin should entitle the widow to recover her dower, as would be sufficient to authorize a recovery by the heir. In such case the seisin of the deceased is proved by showing his actual possession of the premises.” There must be a new trial, the costs to abide the event
New trial granted